IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KINGVISION PAY- PER- VIEW CORP., LTD :
:
v. : C.A. 05-10262- LS
:
PAUL HAMMOND ET ALS : LTS

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO STRIKE JURY TRIAL DEMAND

Travel of the case: This is an action under 47 U.S.C. §§553 and 605 for unlawful interception of a satellite transmission. The Plaintiff alleges that the Defendants broadcast the March 1, 2003 boxing match between John Ruiz and Roy Jones in their commercial establishment without a license to do so. Commercial rights to the broadcast of the boxing match are owned by the Plaintiff, KingVision Pay- Per- View Corp., Ltd.. (hereinafter "KingVision"). KingVision transmits the signal to commercial licensees by satellite. Residential transmission rights through cable television are owned by the Showtime Network.

The Defendants have filed an answer consisting of a general denial and have demanded a trial by jury.

Discussion of Law: The issue of the right to a jury trial has been considered by other courts. The statute itself is silent on the right to a jury. Since the relief sought is statutory damages rather than compensatory or punitive damages, this type of action is held to be equitable in nature and therefore not entitled to fact finding by a jury. See Joe Hand Promotions, Inc. v. Steven B. Nekos, 18 F. Supp. 2d (N.D. N.Y. 1998) (appended hereto). Damages awarded are not specifically related to monetary loss, but are set by statute.

In Joe Hand, as in the case at bar, the Defendant was alleged to have intercepted and rebroadcast a boxing match in a commercial establishment, and was sued under the same statute. In both cases, the Plaintiff is not the sole distributor of the event, but the license holder of the commercial rebroadcast rights in certain areas. The court held that this statute is not analogous to copyright or patent cases, but should be analyzed according to the type of relief sought. In both cases, the relief requested is statutory damages. Following Storer Cable v. Joe's Place Bar and Restaurant, 819 F.Supp 593 (W.D.Ky. 1993), the court held that damages under this statute are restitutionary to the plaintiff and not aimed at disgorging profit from the defendant, and discretionary in nature. For these reasons, the statute itself is equitable in nature and not subject to jury trial.

The Eleventh Circuit follows the same rule. Cable/Home Communications v. Network Productions, Inc., 902 F.2d 829 (11th Cir. 1990). The Third Circuit does not. General Instrument Corp. Of Delaware v. Nu-Tek Electronics & Mfg., Inc., 197 F.3d 83 (3rd Cir. 1999), (Jury trial held in District Court, not discussed on appeal).

Plaintiff respectfully requests that this Court follow the precedent described above and Grant its motion to strike defendants' jury trial demand.

        Respectfully submitted,

        Gary D. Berkowitz, Esq.
        Counsel for Plaintiff

fed. Motion to strike jury demand

*ORIGINAL BY RIGHT*

18 F.Supp.2d 214
(Cite as: 18 F.Supp.2d 214)

Page 1

JOE HAND PROMOTIONS, INC., Plaintiff,
v.
Steven B. NEKOS, Individually and as principal of Steven B. Nekos, Inc. d/b/a Hurley Mountain Inn; Steven B. Nekos, Inc. d/b/a Hurley Mountain Inn,
Defendants.

No. 98-CV-0441.

United States District Court,
N.D. New York.

Sept. 1, 1998.

Suit was filed suit alleging that defendant illegally received and broadcast a closed circuit television boxing event to business patrons in violation of Communications Act. Upon plaintiff's motion to strike defendant's jury demand, the District Court, Hurd, United States Magistrate Judge, held that Seventh Amendment did not afford defendant right to jury trial where plaintiff requested statutory damages pursuant to the Communications Act.

Motion granted.

[1] JURY ⇐13(3)
230k13(3)
"Suits at common law," within meaning of Seventh Amendment, refers not only to suits which the common law recognized before the courts of law and equity merged in the Eighteenth Century, but also to suits in which legal rights were to be determined, as opposed to equitable rights. U.S.C.A. Const.Amend. 7.
See publication Words and Phrases for other judicial constructions and definitions.

[2] JURY ⇐13(3)
230k13(3)
In determining whether the Seventh Amendment affords the right to a jury trial, characterizing the type of relief sought is more important than trying to find the precise analogy to Eighteenth Century English causes of action. U.S.C.A. Const.Amend. 7.

[3] JURY ⇐14(1)
230k14(1)
Seventh Amendment did not afford defendant right to jury trial where plaintiff requested statutory damages pursuant to the Communications Act; statutory damages sought by plaintiff were restitutionary, and therefore, equitable in nature. U.S.C.A. Const.Amend. 7; Communications Act of 1934, §§ 633, 705, as amended, 47 U.S.C.A. §§ 553, 605.

[4] FEDERAL CIVIL PROCEDURE ⇐1104
170Ak1104
Motion to strike defense as insufficient is viewed with disfavor and rarely granted; motion will be denied unless the allegations have no possible relation to the claims. Fed.Rules Civ.Proc.Rule 12(f), 28 U.S.C.A.

[4] FEDERAL CIVIL PROCEDURE ⇐1129.1
170Ak1129.1
Motion to strike defense as insufficient is viewed with disfavor and rarely granted; motion will be denied unless the allegations have no possible relation to the claims. Fed.Rules Civ.Proc.Rule 12(f), 28 U.S.C.A.

*215 Lonstein Law Office, P.C., Ellenville, New York (Erik C. Dimarco, of counsel), for Plaintiff.

Edward J. Carroll, III, Kingston, New York (Beatrice Havranek, of counsel), for Defendants.

MEMORANDUM-DECISION AND ORDER

HURD, United States Magistrate Judge.

I. INTRODUCTION

Plaintiff, Joe Hand Promotions, Inc. ("JHP"), filed suit against the Defendants ("Nekos") alleging violations of 47 U.S.C. §§ 553 and 605 ("The Communications Act"). More specifically, JHP alleges that Nekos illegally received and broadcast a closed circuit television boxing event to business patrons.

II. FACTS

JHP was granted a broadcast license to distribute the Holyfield/Czyz boxing match as well as all undercard bouts, scheduled for May 10, 1996. This program was to be seen on closed circuit television via an encrypted satellite signal. JHP contracted with various entities in New York State, selling them the right to publicly broadcast the program in their business establishments. Nekos did not enter

Copr. © West 1999 No Claim to Orig. U.S. Govt. Works

18 F.Supp.2d 214
(Cite as: 18 F.Supp.2d 214, *215)

Page 2

into a contract with JHP for authorization to broadcast the boxing event. JHP alleges that Nekos unlawfully intercepted, received, and/or descrambled the encrypted satellite signal in order to broadcast the program to its patrons.

The plaintiff filed suit on March 18, 1998, requesting statutory damages as well as attorneys fees, interest, and costs. The defendants served an answer containing a demand for a jury trial and an affirmative defense that the defendants' conduct falls within the "private viewing exception" of 47 U.S.C. § 605. The plaintiff then made a motion to 1) strike the defendants' demand for a trial by jury and 2) strike the defendants' affirmative defense under Rule 12(f) of the Federal Rules of Civil Procedure. The plaintiff contends that there is no statutory or Seventh Amendment right to a jury trial in this case because it is requesting statutory damages, *216 not compensatory or punitive damages. [FN1] JHP also contends that Nekos' affirmative defense is insufficient as a matter of law.

> FN1. The defendants argue that the plaintiff also requested compensatory and punitive damages, thereby warranting a jury trial. However, the body of the plaintiff's complaint only requests statutory damages pursuant to 47 U.S.C. § 605, not compensatory or punitive damages. Further, in its motion papers and at oral argument, the plaintiff stated that it is seeking only statutory damages. Therefore, the request for compensatory and punitive damages in plaintiff's ad damnum clause will be disregarded.

Oral arguments were heard on May 14, 1998 in Utica, New York. Decision was reserved. On June 9, 1998, an order was issued directing both parties to submit further briefing, in light of potentially relevant cases recently decided, [FN2] on the issue of the right to a trial by jury where statutory damages are sought. Both parties submitted additional briefs.

> FN2. Those cases are: Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998), The Daisy Group, Ltd. v. Newport News, Inc., 999 F.Supp. 548 (S.D.N.Y.1998), Ideal World Mktg., Inc. v. Duracell, Inc., 997 F.Supp. 334 (E.D.N.Y.1998), and Gucci America, Inc. v. Accents, 994 F.Supp. 538 (S.D.N.Y. Feb.23, 1998). These cases discuss the right to a jury trial with respect to copyright, trademark, and patent infringement actions. The defendants alluded to similarities between the present action and those types of actions. This issue is discussed later in the opinion.

III. DISCUSSION

A. Right to a jury trial

The primary issue involved here is whether or not either the Communications Act or the Seventh Amendment afford Nekos the right to demand a trial by jury when statutory damages are the requested relief. Before inquiring into whether the Seventh Amendment gives the defendant the right to demand a jury, we must first determine whether the statute affords such a right, so that the Constitutional question may be avoided. Tull v. U.S., 481 U.S. 412, 417 n. 3, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987).

The language of the relevant sections of the Communications Act (i.e.: §§ 553 and 605) do not specifically provide for a trial by jury, nor do these sections state that an aggrieved party does not have such a right. The statute provides that the aggrieved party may elect to request actual or statutory damages, to be awarded by the court. In addition, the statute provides that, where the court finds willful or innocent violation of the statute, the court may, in its discretion, increase or decrease the award of damages. The court appears to be the actor in awarding damages and the court is also given discretion to alter the amount of the award. However, use of the word "court" in awarding damages could mean judge or jury. Storer Cable Comm. v. Joe's Place Bar & Restaurant, 819 F.Supp. 593, 595 (W.D.Ky.1993). Thus, while it appears that the Communications Act precludes a trial by jury in this case, the statute is not clear as to whether such a right exists. Therefore, we must turn to the question of whether or not the Seventh Amendment affords the right to a jury trial when a plaintiff requests relief in the form of statutory damages.

[1] The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. Amend. VII. "Suits at common law" refer not only to suits which the common law recognized before the courts of law and equity merged in the

Copr. © West 1999 No Claim to Orig. U.S. Govt. Works

18 F.Supp.2d 214
(Cite as: 18 F.Supp.2d 214, *216)

Page 3

Eighteenth Century, but also to suits in which legal rights were to be determined, as opposed to equitable rights. Feltner v. Columbia Pictures, 523 U.S. 340, ----, 118 S.Ct. 1279, 1284, 140 L.Ed.2d 438 (1998).

To determine whether a statutory action is more analogous to cases tried in courts of law than those tried in equity, we must examine the nature of the cause of action and the nature of the remedy sought. Id. The United States Supreme Court has stated that the second inquiry is more important. Tull v. U.S., 481 U.S. at 421, 107 S.Ct. 1831. Regarding the first issue, we compare the statutory action to Eighteenth Century actions brought in English courts prior to the merger of law and equity. Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 42, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). The cause of *217 action at issue here involves cable piracy. This precise type of action did not exist in England prior to the merger of courts of law and equity. The defendants try to analogize the present action to copyright, trademark, and patent infringement actions which did exist in the Eighteenth Century and were historically tried before law courts. See Feltner, 523 U.S. at ----, 118 S.Ct. at 1285. The concept is that an owner has a proprietary interest in some product of his own ingenuity and intellectual labor which cannot be infringed upon. Id. This analogy is not helpful. Here, JHP did have an interest in the boxing event, but that interest was merely a license to distribute the program. The plaintiff did not devise an original idea or invention which rises to the level of an interest worthy of treatment as a copyright or patent. Furthermore, JHP was not the exclusive distributor of the program, but merely one distributor covering a certain geographic area. Therefore, JHP did not have sole rights to sell the program. This is unlike copyrights and patents where the owner is given the sole rights to reap the profits from his labor for a certain period of time. Finally, unlike copyright, trademark and patent infringement actions, cable piracy actions primarily address "the collective policy concerns of the continued viability of the cable service industry," Storer, 819 F.Supp. at 596, rather than the proprietary interest of a license holder in the property. Since the statute itself and analogizing cable piracy to copyright and patent actions are not helpful in deciding whether or not the right to a jury trial exists, we must move to the second step in our inquiry.

[2] The Supreme Court found that, in determining whether the Seventh Amendment affords the right to a jury trial, characterizing the type of relief sought is more important than trying to find the precise analogy to Eighteenth Century English causes of action. Tull v. U.S., 481 U.S. at 421, 107 S.Ct. 1831. We must determine if statutory damages are more legal or equitable in nature. Monetary relief is generally considered legal rather than equitable. Feltner, 523 U.S. at ----, 118 S.Ct. at 1287. A monetary remedy is not rendered equitable "simply because it is not fixed or readily calculable from a fixed formula." Id. Whether or not monetary relief can be characterized as legal or equitable depends on what function the money damages serve. The court in Storer Cable v. Joe's Place Bar and Restaurant, 819 F.Supp. 593, addressed the precise issue of whether the right to a jury trial exists under the Communications Act in a civil action for statutory damages. The analysis by the court in Storer is persuasive on the issue of whether statutory damages under the Communications Act are legal or equitable in nature. The court held that statutory damages under this statute were restitutionary, and therefore equitable for two reasons. First, restitution is appropriate when the plaintiff's loss is more than the defendant's gain. Id. 819 F.Supp. at 596. It refers more to the defendant's tortious conduct and thwarting it in the future than compensating plaintiff's actual loss. Id. 819 F.Supp. at 597. Secondly, the discretionary nature of statutory damages provides further support for the notion that they are equitable in nature. Id. The exercise of discretion is common in the court's role in equity. Furthermore, exercising discretion means that the remedy awarded is not compensating the plaintiffs for actual losses.

[3] The plaintiff here is requesting statutory damages pursuant to the Communications Act. The Act gives the court discretion to adjust the amount awarded to the plaintiff. Statutory damages do not reflect JHP's actual damages, but are rather a reflection of Nekos' unjust enrichment and an attempt to prevent such conduct from occurring in the future. Plaintiff also seeks to restore a larger loss than lost profits in that its loss also includes addressing concerns over theft of closed circuit television signals. JHP seeks to thwart Nekos' as well as the public's notion that closed circuit television signals can be intercepted without

18 F.Supp.2d 214
(Cite as: 18 F.Supp.2d 214, *217)

Page 4

repercussions. The statutory damages sought by JHP are restitutionary, and therefore, equitable in nature. Thus, the defendant does not have the right to demand a jury trial in this action [FN3] and the *218 plaintiff's motion to strike defendant's jury demand shall be granted.

> FN3. An advisory jury, as requested by the defendants, is neither required nor necessary in this case. However, that is a matter left to the discretion of the trial judge.

B. Motion to strike the defendant's affirmative defense

[4] "Upon motion ... the court may order stricken from any pleading any insufficient defense ..." Fed.R.Civ.P. 12(f). This motion is viewed with disfavor and rarely granted. Hill v. Cray Research, 864 F.Supp. 1070, 1073 (D.N.M.1991) (quoting Salazar v. Furr's, Inc., 629 F.Supp. 1403, 1411 (D.N.M.1986)). The motion will be denied unless the allegations have no possible relation to the claims. Id. If there is any doubt as to whether to strike, the motion should be denied. Id.

The Communications Act provides exceptions from its coverage for interceptions or receipt by an individual or for private viewing under certain circumstances. 47 U.S.C. § 605(b). "Private viewing" is defined as viewing for private use in an individual's dwelling unit by means of equipment, owned or operated by such individual, capable of receiving satellite cable programming directly from a satellite. 47 U.S.C. § 605(d)(4).

JHP claims that Nekos has no basis to assert the "private viewing exception" because the viewing was not done for private use and was not done in an individual's dwelling unit. JHP claims that the viewing was done in a business establishment by patrons of the business. There is not enough information available yet to determine the circumstances surrounding the viewing. At this point, it cannot be determined that the affirmative defense raised is insufficient as a matter of law. The plaintiff's motion to strike the affirmative defense must be denied.

Therefore, it is

ORDERED that
1) plaintiff's motion to strike defendants' jury demand is GRANTED; and
2) plaintiff's motion to strike defendants' affirmative defense is DENIED.

IT IS SO ORDERED.

END OF DOCUMENT

Copr. © West 1999 No Claim to Orig. U.S. Govt. Works