IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KINGVISION PAY- PER- VIEW CORP., LTD   :
                                        :
v.                                      :   C.A. 05-10262-LTS
                                        :
PAUL HAMMOND ET ALS                     :


PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO MOTION TO STRIKE
JURY TRIAL DEMAND


Defendant points to the fact that actual damages are a component of calculating statutory damages under the cable and satellite theft statutes, and that this element is legal relief which calls for a jury. In point of fact, it is impossible to calculate the Plaintiff's actual damages in this type of action, which is exactly why damages are statutory.

KingVision typically charges commercial establishments that purchase its pay- per- view events a flat fee based upon the establishment's legal seating capacity. That number is generally multiplied by twenty dollars to arrive at the fee the establishment would have paid to show the event. (A legal seating capacity of 100 persons times $20.00 yields a licensing fee of $2,000). Occasionally, smaller establishments are charged a flat fee not based upon their seating capacity. Because of the cost of showing the event, most of the establishments doing so legally collect a cover charge to defray the expense.

The damage KingVision suffers when a bar or restaurant "pirates" its transmission (and this can be accomplished by either stealing or diverting both the residential cable signal or the commercial satellite feed- they are identical) is that the pirate facility has no costs to cover and does not have to collect a cover charge. When establishments otherwise willing to pay to show the event realize that their competitors are pirating the event, there is no reason for them to purchase the event from KingVision.

Thus, the vast bulk of the damages suffered by the Plaintiff are not calculated by determining how many people were at Paul's in the Square on March 1st, 2003. That number is determined by the licensing fee based upon the seating capacity. The real economic damage is the unknowable number of bars and restaurants that did not and will not in the future purchase events from KingVision because they rightly believe that pirate telecasts make licensed purchases unfeasible.

Statutory damages are appropriate where actual damages are difficult to prove. Lauratex Textile Corp. v. Allton Knitting Mills, Inc., 519 F.Supp. 730, 732 (S.D.N.Y. 1981); Lottie Jonlin Thomas Trust v. Crown Publishers, Inc., 592 F.2d 651, 657 (2d Cir. 1978). The lack of adequate proof of any particular element causes the Court to rely, within its discretion, on the statutory limitations. F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 233 (1952). In the instant case, it would be impossible to determine the full extent of the profits lost by the Plaintiff and the additional damages sustained by the Plaintiff as a result of the Defendant's unlawful actions.

Accordingly, it is appropriate for KingVision to elect to receive statutory damages. Because the Statute defining statutory damage awards for violations of the Copyright Act of 1976, 17 U.S.C. §101 et seq. (the "Copyright Act") is similar to the Satellite and cable piracy statutes, its case law is instructive for the determination of the amount of statutory damages to which KingVision. is entitled.[1]

According to the United States Supreme Court, when determining the applicable statutory damage award under the Copyright Act, the amount of profits lost by the copyright holder is not the only criteria for a Court to consider. Woolworth, 344 U.S. at 233. Rather,

a rule of liability which merely takes away the profits from an infringement would offer little

---

[1] 17 U.S.C. §504(c)(1) provides as follows:

**Statutory damages**. (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum not less than $500 or more than $20,000 as the court considers just.

discouragement to infringers. It would fall short of an effective sanction for enforcement of the copyright policy. The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct. The discretion of the court is wide enough to permit a resort to statutory damages for such purposes. Even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy.

Id. at 233.

Statutory damages under the Copyright Act should serve to compensate the copyright owners and to provide a detriment to would be infringers. Lottie Joplin Thomas Trust, 592 F.2d at 657; Lauratex, 519 F. Supp. at 732. Factors to consider in determining a statutory damage award include: (1) "the market value of the rights infringed", (2) "the revenue lost by the plaintiff and profits gained by the defendant", (3) the infringers state of mind" and (4) "deterrence of future infringement: Basic Books, Inc. v. Kinko's Graphics Corp., 758 F.Supp. 1522, 1544 (S.D.N.Y. 1991).

Under this analysis, it is more appropriate for the court to determine damages than a jury. The fact that damages are statutory, and that the reason for statutory damages is that actual damages are incapable of determination suggest that a jury would be superfluous in this case.

WHEREFORE, Plaintiff requests that this Motion be Granted.

Plaintiff, by its attorney,

_____
GARY D. BERKOWITZ, ESQ. #632536
One James Street
Providence, RI 02903
Tel: (401) 751-7671     Fax: 751-1146

## CERTIFICATION

I certify that I mailed a copy of this Motion and accompanying memorandum to opposing counsel as his name and address appear below this 18th day of August, 2005.

_____

fed. Motion to strike jury demand

Frank J. DiMento, Jr., Esq.
DiMento & Sullivan
Seven Faneuil Hall Marketplace
Boston, MA 02109