UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KINGVISION PAY-PER-VIEW, LTD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action 05-10262-LTS |
| v. | ) | |
| | ) | |
| PAUL HAMMOND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER
ON PLAINTIFF'S MOTION TO STRIKE JURY DEMAND

September 13, 2005

SOROKIN, M.J.

Plaintiff moves to strike the defendant's claim for a jury asserting that defendant has no

right to a jury on plaintiff's claims under 47 U.S.C. §§ 553 and 605 for unlawful interception of a

satellite transmission.  Decisions on this question from courts outside this circuit are divided.

See, e.g. Time Warner Cable v. Negovan, 2001 U.S. Dist. LEXIS 15900 (E.D.N.Y. July 30,

2001) (citing differing decisions).  The parties have not cited, and the Court has not found, a First

Circuit decision or a written decision from a judge of this district resolving this question.  For the

reasons stated below, the Court denies the plaintiff's Motion.

Plaintiff seeks statutory damages; therefore it contends that defendant has no right to a

jury.  The statutory provisions under which plaintiff sues are silent on the question.  In such a

circumstance, whether the Seventh Amendment provides for a jury trial depends upon (1)

whether the present action is, or is analogous to, an action that would have been brought in a

court of law or equity and (2) whether the nature of the remedy sought is legal or equitable.  Tull

1

v. United States, 481 U.S. 412, 417-18 (1987).  In Tull the Court went out to express the "view that characterizing the relief sought is '[m]ore important' than finding a precisely analogous common-law cause of action."  Id. at 421 (quoting Curtis v. Loether, 415 U.S.189, 196 (1974)).

In Comcast of Massachusetts I, Inc. v. Naranjo, 303 F. Supp. 2d 43 (D. Mass. 2004), Judge Keeton ruled that the calculation of statutory damages under § 553 should be "as reasonable an estimate of actual damages as the facts . . . allow."  Thereafter, Judge Keeton ruled that an enhancement of the damages, as well as fees or injunctive relief, are available to accomplish a deterrent effect.  Id. at 48-49.   Subsequently, Judge Saylor concurred with and adopted Judge Keeton's early ruling.   Charter Communications Entertainment I, v. Cintron, 2005 U.S. Dist. LEXIS 11678 (D. Mass. Jan. 11, 2005).   While neither of these decisions considered the question presented by plaintiff's Motion, both rulings, in determining the standards for calculating statutory damages, characterized the nature of the remedy sought here, statutory damages, as compensatory in nature.  Accordingly, I adopt the standards set forth in these decisions as the governing legal principles for calculating any award of statutory damages.

In light of the foregoing characterization of the damages plaintiff seeks, the claim for monetary relief for actual damages (albeit constrained and estimated in the context of a statutory damage award) renders the cause of action more analogous to a tort action for conversion or a legal remedy for damages for encroaching on one's property.  For these reasons I am persuaded by and follow the reasoning of the court in the  Time Warner decision.  Time Warner, 2001 U.S. Dist. LEXIS 15900.  Two additional reasons further support this analysis.  First, both §§ 553 and 605 authorize enhancing the damage award (whether actual or statutory) as punishment for willful conduct; that is a purpose for a monetary award that the Supreme Court recognizes as

2

traditionally associated with legal relief.  Feltner v. Columbia Pictures Television, 523 U.S. 340,

352 (1998).  Second, in support of the motion, plaintiff, correctly, notes the similarity between its

claim under the statutes at issue here and the Copyright Act.  Plaintiff's Response to Defendant's

Objection to Motion to Strike Jury Demand (Docket #11).  Under the Copyright Act, the

Supreme Court has ruled that the Seventh Amendment provides for a right to a jury trial even

when plaintiff claims only statutory damages.  Feltner, 523 U.S. at 352.

For the foregoing reasons, the Plaintiff's Motion to Strike Jury Trial Demand (Docket #8)

is DENIED.

/s/ Leo T. Sorokin                                    
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE

3