UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KINGVISION PAY PER VIEW, LTD     :
                                 :
        v.                       : CA 05-10262-LTS
                                 :
PAUL HAMMOND, ET ALS             :
et als                           :

PLAINTIFF'S TRIAL BRIEF

(A) Motions in limine: Plaintiff may object to a lengthy list of defendant's patrons testifying that the event was not shown based upon Rule 403 (cumulative, waste of time).

(B) 1. Statement of the case for the jury:

This is a case arising under the federal satellite and cable piracy statutes. The Plaintiff, KingVision Pay- Per-View Corp., Ltd. owned the rights to the pay per view broadcast of the March 1, 2003 heavyweight championship boxing match between John Ruiz and Roy Jones. It agreed that the "Paul's in the Square" tavern, and its owner, Paul Hammond, the Defendants, did not purchase the satellite broadcast from KingVision. As a commercial establishment, the boxing match could only legally be shown at Paul's in the Square by purchasing the commercial satellite feed of the broadcast from KingVision. KingVision claims that Paul's in the Square showed Ruiz- Jones match in violation of federal laws, and Paul's in the Square and Paul Hammond maintain that they did not.

2. Proposed voir dire.

Plaintiff requests that the jury panel be asked the following:

1. Whether they have ever been patrons of Paul's in the Square;
2. Whether they know Paul Hammond or any of the witnesses in this action personally
3. Whether they have ever purchased a pay per view event of any kind at home
4. Whether they have ever attended a pay per view event at a restaurant, bar, or arena
5. Whether they believe that it is "alright" to view a pay per view program without paying for it
6. Whether they have ever done so themselves (with reference to #5).
7. Whether they download or copy movies or music from the internet without paying
8. Whether they copy movies or music from friends without paying
9. If they answered "yes" to the previous two questions, whether they believe that they think this was legal.
10. KingVision is an business controlled by Don King, the well- known boxing promoter. Does anyone have any feelings about Don King that would prevent them from fairly weighing the evidence or following the court's instructions in this case.

11. Does anyone on the panel have any feelings about professional boxing that would prevent them from fairly weighing the evidence or following the court's instructions in this case.

12. Does anyone either know or have any feelings about John Ruiz, who is a local, or Roy Jones, that would prevent them from fairly weighing the evidence or following the court's instruction in this case.

13. Has any panelist ever been represented by, or been sued by, or had any dealings with either Gary Berkowitz, KingVision's attorney, or Francis DiMento, Jr., Paul's in the Square's attorney or his firm, DiMento & Sullivan.

Jury Instructions:

In addition to the usual "boilerplate" on preponderance of the evidence, argument of counsel not evidence, stricken testimony not to be considered, etc... counsel requests the following instructions on cable/ satellite piracy, based upon the statutes:

Satellite piracy is prohibited by 47 USC §605:

No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person....

A satellite transmission is a "radio transmission"  <u>National Satellite Sports v. Hot Shots Billiards</u> copy attached.

"Any person" includes individuals who own corporations, as well as any corporation itself. <u>KingVision Pay Per View v. McCoy</u>, unpublished, copy attached.

Showing a cable telecast of a program only legally available to a commercial establishment also violates the satellite piracy statute. <u>National Satellite Sports v. Hot Shots Billiards</u>

If you find that Paul's on the Square showed the Jones v. Ruiz program to its patrons on March, 2003, then you should award damages to KingVision. KingVision has elected, as it is entitled to do under the satellite piracy act, to receive statutory damages. You must award not less than $1,000 or more than $10,000..   47USC § 605(C)(I)

The court* may increase the award to not more $100,00 upon a finding of willful violation for the purpose of direct or indirect commercial advantage or private financial gain... 47USC § 605(C)(II)(ii). An award of attorneys fees to a prevailing plaintiff is mandatory.

* The statute speaks about "the court" awarding damages, not the jury. KingVision has taken the position that there is no right to a jury trial, which this court has overruled. Query whether the court (the judge) or the jury awards damages if the jury finds a violation.

Cable theft is prohibited by 47 USC §553(a)(1), which provides:

No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may be otherwise specifically authorized by law.

If you find a violation of the cable piracy law, you must award Statutory Damages of $10,000
47 USC §553(a)(ii)

If you find that the violation was "willful", which means the same as it does under the satellite piracy act, then statutory damages are $50,000.
47 USC §553(c)(3)(B).

Damages may be awarded under both the satellite and cable piracy statutes.
Spencer Promotions v. 5th Quarter Enterprises, Inc. 38 U.S.P.Q.2d 1893 (N.D. Cal., 1995).

Interrogatories to the Jury:

1. Do you find that the March 1, 2003 boxing program featuring the John Ruiz v. Roy Jones bout was shown to the public at Paul's in the Square?

___ Yes   ___ No

If you answered "No" stop here.  If you answered "Yes" answer question #2.

2. Was the showing of the program "willful," meaning done for private or commercial gain"

___ Yes   ___ No

                          Respectfully submitted,

                          Gary D. Berkowitz, Esq.

## CERTIFICATION

I certify that I mailed a copy of this document to:

Frank J. DiMento, Jr., Esq.
DiMento & Sullivan
Seven Faneuil Hall Marketplace
Boston, MA 02109-1649

this 27th day of September, 2005 by regular mail.