UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

```
                                )
KINGVISION PAY-PER-VIEW, LTD.   )
          Plaintiff,            )
                                )       Civil Action No. 05-10262-LTS
v.                              )
                                )
PAUL HAMMOND, et al.,           )
          Defendants.           )
                                )
```

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

MEMBERS OF THE JURY:

You have heard the evidence and the arguments in this case. It is now my duty to instruct you on the law that you must follow and apply. When I have finished, you will begin your discussion with each other – what we call your deliberations.

To help you understand and remember these instructions on the law, I will divide then into two main parts: First, general instructions, intended to guide you throughout your deliberations and; second, instructions about the claims in this case and the questions you are to answer.

## Part I.

## General Instructions

These instructions are about the law you must apply.  I do not mean any of my instructions to be understood by you as a comment by me on the evidence in this case.  It is your function to determine the facts, and although the law allows a trial judge in this court to comment on evidence, I deliberately do not do so and instead leave the fact finding entirely in your hands.

Fortunately, you do not need to resolve every dispute of fact raised by the evidence.  In order to know which fact disputes are important, you need to know what rules of law to apply.  I have explained some of these rules to you in the course of the trial, and I will explain others to you now.  The lawyers were allowed to comment during the trial on some of these rules.  But if what they said differs in any way from the instructions I am giving you or have given you, you must be guided only by the instructions on the law as I state them.

Even if you disagree with one or more of the rules of law I tell you about, or don't understand the reason for some of the rules, you are bound to follow them.  This is a fundamental part of our system of government by law rather than by the individual views of the judge and jury who have the responsibility for deciding this case.

In your fact finding, of course, you are not to be swayed

2

by bias, prejudice, sympathy, or antagonism.  It is your function to find the facts fairly and impartially, on the basis of the evidence.

All parties are before you as equals in the eyes of the law.

## Instruction No. 1

### Evidence

The evidence in the case consists of the sworn testimony of the witnesses, all exhibits received in evidence, and all facts that may have been admitted or stipulated. You may consider both direct and circumstantial evidence. Direct evidence is direct proof of facts from someone who has seen something or heard something or touched something, or smelled something, or somehow used their senses, their perceptory senses in perceiving an event. And your job is to decide if you agree with that person or not. Circumstantial evidence is proof of facts from which you may reasonably infer or conclude that other facts exist.

Anything you may have seen or heard outside the courtroom is not evidence, and you must disregard it entirely. Considering the evidence, you will find the facts as you decide the evidence has proved them. Also, from the facts proved, you may draw reasonable inferences about additional facts. An inference is a deduction or conclusion. An inference is an additional finding that your experience, reason, and common sense lead you to draw from facts that you find are proved by evidence.

You may use your common sense and common experience in deciding whether proof of certain facts provides a sufficient basis from which you can infer other facts. You may credit, or discredit, as you see fit, direct evidence of a fact. Also, you

4

may draw a reasonable inference, or not, as you see fit, from circumstantial evidence. We use the phrase "circumstantial evidence" to refer to evidence of some facts -- including events and circumstances, from which a jury, using common sense and common experience, may infer the existence or nonexistence of another fact. [You may remember the example that I gave you in this case of the mailman, which obviously had nothing to do with this case. I should say mailperson. The example asks whether or not your daughter saw the letter courier deliver the mail to your house and the only question is whether your daughter perceived it correctly, as opposed to whether the mail was shoved through a slot. And you can reasonably infer whether or not it was shoved through by your letter courier or not and whether it was under all the circumstances of the case your regular letter courier, or whether that person was sick or on vacation. I like to use that example, again, because it shows that what's reasonable to infer or conclude depends on all the circumstances of the case. And just like you are the exclusive fact-finders, you're the ones to decide what is reasonable to infer from the facts in this case.]

5

### Instruction No. 2

### Burden of Proof

Let me talk to you for a minute about the burden of proof. You may remember that I reminded you that this was a civil case, not a criminal case. The issues here must be proven by a fair preponderance of the evidence. Put the issue of proof beyond a reasonable doubt out of your mind. Proof beyond a reasonable doubt is not the burden in a civil case. It is the burden in a criminal case. The standard here is the plaintiff must prove that his claims are more likely true than not true. A preponderance of the evidence means greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider all of the testimony of all of the witnesses, regardless of whether that witness was called by the plaintiff or the defendant, and all of the relevant exhibits, no matter who introduced those exhibits.

If you find that the credible evidence on a given issue is evenly divided between the parties, by which I mean that it is equally probable that one side is right, as it is that the other side is right, then you must decide that issue against the party having the burden of proof here, the plaintiff. That is because the plaintiff, who has the burden of proof, must prove more than

simple equality of the evidence.  He must prove each element at issue by a fair preponderance of the evidence.  On the other hand, the party with the burden of proof need prove no more than a preponderance.

So as I remind you, because it's the way I think about it, is the scales of justice in each hand.  Plaintiff must make those scales tip, albeit slightly, in her favor.  But, if at the end of the case, you find that the scales are evenly balanced, the plaintiff has not met her burden of proof.

On some issues the defendant bears the burden of proof, also by a preponderance of the evidence.

7

### Instruction No. 3

#### Not Evidence

The opening and closing statements and arguments of counsel are not evidence in the case. Instructions of law are not evidence.

If any reference by the court or by counsel to matters of evidence is different from the way you remember the evidence, let your own memory control.

At times during the trial you heard a lawyer object to a question asked by another lawyer and, at other times, to an answer by a witness. It is a proper function of lawyers to object. In objecting, a lawyer is requesting that I make a decision on a question of law. Do not draw from such objections, or from my rulings on the objections, any inferences about facts. The objections and my rulings related only to legal questions that I had to determine. They should not influence your thinking about the facts. Also, don't hold it against the lawyer. It's his or her job to object when he or she believes evidence is inadequate.

When I sustained an objection to a question, the witness was not allowed to answer it after my ruling. Do not attempt to guess what answer might have been given had I allowed the question to be answered. And if you heard an answer to the question either before or after my ruling, you are to disregard

8

it.

I will state basically the same point now more broadly. In your deliberations, do not consider or talk about any question to which I sustained an objection or any answer or other statement that I excluded, or struck, or in some other way told you not to consider.

Also, if I received evidence but told you it was received for a limited purpose, you are bound by that limitation.

Finally, I have no view as to the evidence. You should not try to speculate as to my views from any facial expressions or questions to jurors or rulings on objections.

## Instruction No. 4

### Witness Credibility

An important part of your job as jurors will be deciding whether you believe what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person seem honest? Did he or she have some reason not to tell the truth? Did he or she have an interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and was the witness able to observe accurately the things he or she testified about? Did he or she understand the questions and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? Was the witness's testimony on cross-examination different from the testimony given on direct examination? These are some, but of course not all, of the kinds of things that will help you decide how much weight to give to what each witness said.

You may also consider any demonstrated bias, prejudice, or hostility of a witness in deciding what weight to give to the testimony of the witness.

The number of witnesses, or number of exhibits, or length of the testimony is not what we mean when we speak of the weight of the evidence. Also, number and length are not what we mean by evidence sufficient to meet the burden of proof. You determine

10

the weight of the evidence and whether the burden of proof is met
by using your judgment about the credibility and importance of
the evidence.

### Instruction No. 5

#### Inconsistencies

You may consider inconsistencies or differences as you weigh evidence, but you do not have to discredit testimony merely because there are inconsistencies or differences in the testimony of a witness, or between the testimony of different witnesses. Two or more persons witnessing an incident or a transaction may see or hear it differently. Innocent misrecollection, like failure of recollection, is a common experience. In weighing the effect of any inconsistency or difference, consider whether it concerns a matter of importance or an unimportant detail, and whether it results from innocent error or intentional falsehood.

You are not required to accept testimony, even if it is uncontradicted. You may decide, because of the witness's bearing and demeanor, or because of inherent improbability, or for other reasons sufficient to you, that testimony is not worthy of belief.

You may accept all of a witness's testimony, or you may reject all of it, or you may accept parts and reject other parts.

You will recall that during the trial, a witness was sometimes asked to give testimony about a statement made, before trial, about some fact. By a statement about some fact I mean a statement that says or implies that some event occurred or some fact existed. These before-trial statements include statements

12

made in documents.

A before-trial statement about a fact may be brought to your attention to help you decide whether you believe the testimony at trial of the witness who made the statement before trial.  If you find that a witness, before trial, knowingly gave a false statement concerning any material matter, you may take that into account in deciding whether to distrust that witness's testimony at trial.  You may credit the testimony of that witness at trial, or give it no credit, or only such credit as you think it deserves.  Also, if a witness said something different about any material matter earlier, even though truthfully, and you decide that the two statements are in conflict, then you may consider whether there is reason for you to doubt or discredit the testimony given.

Unless I tell you otherwise, you are not to consider a before-trial statement about a fact as evidence for any other purpose than to determine how it bears, if at all, on the credibility of the witness.